UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BENJAMIN J. WHERRY, SR., | ) | CASE NO. 1:11 CV 2784 |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| PHILLIP J. TRIPPI, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

INTRODUCTION

On December 27, 2011, petitioner *pro se* Benjamin J. Wherry, Sr., an inmate at FMC Devens, filed the above-captioned *in forma pauperis* civil rights action[1] against the following defendants: Phillip J. Tripi, Steven Dettelbach, Jeffrey Grondolsky, Eric Holder, Thomas R. Kane, Greg Johnson, Steven G. Koketko, Keith Schutter, John B. Gibbons, James M. McGrath, IV, Robert A. Ratliff, Terry LNU, Dennis Terez, Leonard Green, and Jane/John Doe. Mr. Wherry seeks compensatory and punitive damages, and declaratory and injunctive relief. For the reasons stated below, this action is dismissed.

BACKGROUND

Mr. Wherry was convicted in this court on January 29, 1997 of Possession with Intent to

---

[1] Mr. Wherry cites 18 U.S.C. § 245, a criminal statute prohibiting conspiracy to violate civil rights.

Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a), and of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Wherry*, Case No. 1:96 CR 86. He was sentenced, as an armed career offender, to 235 months.

Mr. Wherry filed a Motion to Vacate Sentence, pursuant to 28 U.S.C. § 2255, in February 1999, which was denied by this court. *Wherry v. United States*, No. 1:99 CV 3265. He has also filed several postjudgment motions attacking his sentence. *United States v. Wherry*, No. 1:96 CR 86 (ECF ## 86, 101 and 134). Each has been denied.

Mr. Wherry recently filed a petition under 28 U.S.C. § 2241 in this court, again challenging his sentence, asserting, *inter alia*, that his presentence report was inaccurate, the sentencing guidelines were improperly applied, and that he should not have been classified as an armed career offender. The 2241 petition was dismissed. *Wherry v. Farley*, No. 1:12 CV 427.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

## DISCUSSION

The instant action is another attempt by Mr. Wherry to attack his conviction and sentence. He alleges defendants conspired to deceive the sentencing judge in Case No. 1:96 CR 86, Judge Kathleen M. O'Malley, resulting in an erroneous determination that he was an armed career offender, and further resulting in an inappropriately lengthy sentence.

The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

## CONCLUSION

Accordingly, this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT